UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER BRIAN COLEMAN,
*et al.*,

        Plaintiffs,

                      Civil Action 2:20-cv-218
   v.                        Judge Edmund A. Sargus, Jr.
                      Magistrate Judge Chelsey M. Vascura

CAPTAIN BURGHY, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

    Plaintiffs, Christopher Brian Coleman and J'Kuan Maleek Wells ("Plaintiffs"), Ohio state prison inmates proceeding without the assistance of counsel, bring this action under 42 U.S.C. § 1983 against Defendants Captain Burghy, Lieutenant Harper, Lieutenant McNabb, Officer Cowgill, Officer Shepard, and Officer Little ("Defendants"), all of whom are corrections officers at the Noble Correctional Institution, for use of excessive force in violation of the Eighth Amendment. Defendants have moved for summary judgment. (ECF No. 30.) For the following reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

                      I.      BACKGROUND

    During the early hours of September 4, 2019, Plaintiffs, as well as two other Noble Correctional Institution inmates named Hurt and Caballero, were escorted by the Defendants from their unit to the Captain's office as a punishment for talking loudly after hours. That initial fact is undisputed, but the parties' accounts differ widely from then on.

Plaintiffs allege that once they arrived at the Captain's office, Defendants had Plaintiffs, Hurt, and Caballero sit in chairs arranged in a circle. (Coleman Aff. ¶ 4, ECF No. 33, PAGEID #317.)  Defendants then sprayed a large amount of mace into a trash can, which Defendants placed in the middle of the circle.  (*Id.* ¶¶ 5, 7.)  Plaintiff Coleman avers that, "[a]ll four of us started to cough, noses started running, and our eyes were burning from the vapors coming from the trash can." (*Id.* ¶ 8.)  Next, one of the officers placed a fan in the doorway facing the inmates, turned on the fan, and sprayed mace into the fan so that the fan blew mace toward the inmates.  (*Id.* ¶ 9.)  Coleman avers that the environment in the Captain's office was unpleasant enough that "[a]ll of the officers in the lounge area of the Captain's office, except Captain Burghy, left out of the area coughing and covering their faces from the vapors coming out of the trash can and fan."  (*Id.* ¶ 12.)  Eventually, Plaintiffs Coleman and Wells admitted to being the ones who had been talking loudly, so that Hurt and Caballero were escorted back to their unit. (*Id.* ¶ 11.)  Plaintiffs were then given the choice between being placed in segregated housing for an indeterminate period of time, or sweeping the yard.  Plaintiffs chose the latter, and Coleman avers, "[t]he fresh air helped to get over the vapors and the irritating throat, nose, and eyes." (*Id.* ¶ 14.)

In contrast, Defendants contend that no mace was deployed, and that any apparent discomfort experienced by the officers was caused by "Defendant Harper inadvertently expel[ing] bodily gas." (Defs.' Mot. 10, ECF No. 30; *see also* Investigation Summary Report, ECF No. 30-1.)  The fan was used, not to direct mace towards the inmates, but to clear out the smell of the bodily gas from the office. (*Id.*)

The incident was partially recorded by a security camera located in the hallway outside the Captain's office. (ECF No. 30-5.)  Although the Captain's office itself cannot be seen, the

2

video clearly captures the four inmates being escorted to the Captain's office at 12:45 am. During 12:48–52 am, three of the officers leave the office and enter the hallway, two of whom can be seen briefly wiping their noses with their hands, and one of whom sneezes once (at 12:48:40 am) and coughs once (at 12:51:30 am).  At 1:06 am, inmates Hurt and Caballero are seen leaving the Captain's office. Both Hurt and Caballero were laughing at this time, and one of them briefly covered his nose and mouth with his shirt for approximately two seconds.  Finally, at 1:12 am, Plaintiffs are seen leaving the Captain's office, each carrying a broom.  At no time do any of the inmates or officers demonstrate any signs of respiratory distress, runny noses, or irritated eyes, and only one of the officers coughs once.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255 (citation omitted).  "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to

3

create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. ANALYSIS

#### A. Eighth Amendment Standards

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain against prisoners. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)). To make out a claim under the Eighth Amendment, the prisoner must satisfy both an objective and a subjective component. *Id.* (citing *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993)).

The objective component requires the pain inflicted to be "sufficiently serious." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Yet the seriousness of the injuries is not by itself dispositive. *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson,* 503 U.S. at 9. "Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The subjective component focuses on the state of mind of the prison officials. *Williams*, 631 F.3d at 383. The "core judicial inquiry" is "whether force was applied in a good-faith effort

4

to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 449 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

**B.      Defendants are entitled to summary judgment.**

Defendants have carried their burden to establish the absence of any genuine issue of material fact as to whether an Eighth Amendment violation occurred. Although conflicting accounts of the facts on summary judgment typically require the Court to resolve factual disputes in the non-movant's favor, this is not required where the non-movant's account "is blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Accordingly, video evidence that patently contradicts the non-movant's account should be viewed as conclusive. *See id.* at 380–81 ("Respondent's version of events is so utterly discredited by the [video] record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.")

Here, the video evidence forecloses Plaintiffs' claims that mace was deployed against them on September 4, 2019. In contrast to Plaintiff Coleman's affidavit stating that exposure to mace caused coughing, running noses, and burning eyes for all four inmates, the video clearly depicts each of the inmates leaving the Captain's office shortly after the alleged mace deployment, with no visible signs of respiratory distress, coughing, runny nose, or eye irritation. Further, Plaintiffs have not challenged the authenticity of the video or suggested it does not accurately capture the events in question. Under these circumstances, the undersigned must view the facts in the light depicted by the video evidence, and conclude that no mace was deployed against Plaintiffs. As Plaintiffs have not alleged any other excessive force by Defendants, it is

5

**RECOMMENDED** that summary judgment be **GRANTED** in favor of Defendants on Plaintiff's Eighth Amendment claim for excessive force.[1]

### IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment (ECF No. 30) be **GRANTED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Defendants also contend summary judgment should be granted on grounds of qualified immunity. Because Defendants are entitled to qualified immunity unless they violated a clearly established constitutional right, and no constitutional violation occurred here, the undersigned agrees that Defendants are entitled to qualified immunity. *See, e.g.*, *Mitchell v. Schlabach*, 864 F.3d 416, 420 (6th Cir. 2017).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE