UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHRISTOPHER B. COLEMAN,** *et al.***,**

    **Plaintiffs,**

    v.

**CAPTAIN BURGHY,** *et al.***,**

    **Defendants.**

**Case No. 2:20-cv-218**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on April 8, 2021 (ECF No. 35) and to address *pro se* Plaintiffs' Objections (ECF No. 36). For the reasons stated herein, the Court **OVERRULES** Plaintiffs' Objections (ECF No. 36), and **ADOPTS** the Report and Recommendation (ECF No. 35).

### I.

Plaintiffs Christopher Brian Coleman (Coleman) and J'Kuan Maleek Wells (Wells) (collectively Plaintiffs), brought suit against several Defendants who work at Plaintiffs' correctional institution, alleging violations of the Eight Amendment. Plaintiffs claim that Defendants subjected them to indirect exposure to mace in order to obtain a confession about who was talking during quiet hours. Defendants deny this, and state that the incident in question involved one of the Defendants passing gas. Defendants moved for summary judgment, arguing that the evidence, including video evidence, showed that Plaintiffs' allegations could not have been true. The Magistrate Judge issued a Report and Recommendation, reporting that the evidence was one sided and recommending that this Court grant Defendants' motion. Plaintiffs object on three grounds. First, Plaintiffs object to the consideration of the video evidence. (Objection at 4, ECF

No. 36). Second, Plaintiffs object to the Magistrate Judge's report on qualified immunity. (*Id.* at 6). Third, Plaintiffs object to the denial of appointed counsel. (*Id.* at 7).

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Consequently, the central issue is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Hamad v. Woodcrest Condo. Ass'n.*, 328 F.3d 224, 234–35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251–52). A dispute of material fact is not "genuine" where the non-movant's story is "blatantly contradicted by the record, so that no reasonable jury could believe it . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.

Plaintiffs' first objection to the Report and Recommendation is that the Magistrate Judge gave too much weight to the video evidence. (ECF No. 36 at 4–5). The video evidence shows the hallway outside the open door of the room where the alleged incident took place. None of the parties involved showed signs of mace exposure when they were in the hallway. According to Plaintiffs, this is because the mace exposure was indirect. However, having reviewed the footage, the Court finds that the actions and reactions of the parties caught on video are not consistent even with indirect exposure to mace. Accordingly, this objection is **OVERRULED**.

Plaintiffs' second objection concerns qualified immunity. (*Id.* at 6). This objection relies on the Court sustaining Plaintiffs' first objection, which this Court has not done. Accordingly, Plaintiffs' second objection is also **OVERRULED**.

Third, Plaintiffs object to the denial of appointed counsel. (*Id.* at 7). This objection does not concern the Magistrate Judge's Report and Recommendation, but instead concerns the Magistrate Judge's denial of Plaintiffs' motion to appoint counsel. (Order, ECF No. 21). The Magistrate Judge issued that order on July 24, 2020. (*Id.*) Non-dispositive orders by the Magistrate Judge are only reconsidered where a plaintiff has shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiffs have not so shown, and the Court does not so find. Accordingly, Plaintiff's third objection is also **OVERRULED**.

## IV.

For the reasons stated above, the Court **OVERRULES** Plaintiffs' objections (ECF No. 36), and **ADOPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 35). For the reasons stated in the Report and Recommendation, the Court **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 30). The Clerk is directed to close this case.

**IT IS SO ORDERED.**


**8/30/2021**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**